James R. Overman
Precision Herbs L.L.C.
9804 TR 89
Killbuck, OH. 44637
330-276-6511

October 2, 2009

U. S. Food and Drug Administration
Karen Gale Sego
Compliance Officer
6751 Steger Dr.
Cincinnati, OH. 45237-3097

**CERTIFIED MAIL -
RETURN RECEIPT REQUESTED**

U. S. Food and Drug Administration
Cincinnati District
Annemarie Kleiza
Investigator
3820 Center Road
Brunswick, OH. 44212

**CERTIFIED MAIL -
RETURN RECEIPT REQUESTED**

U. S. Food and Drug Administration
Cincinnati District
Steve Kilker
Investigator
3820 Center Road
Brunswick, OH. 44212

**CERTIFIED MAIL -
RETURN RECEIPT REQUESTED**

U. S. Food and Drug Administration
Cincinnati District
Benjamin J. Dastoli
Investigator
3820 Center Road
Brunswick, OH. 44212

**CERTIFIED MAIL -
RETURN RECEIPT REQUESTED**

U. S. Food and Drug Administration
6751 Steger Dr.
Cincinnati, OH. 45237-3097

**CERTIFIED MAIL -
RETURN RECEIPT REQUESTED**

Re: Respondent's Request for Copy of Complaint and a Pre-Administrative Hearing and Practices Involving Herbs, Electric Devices and Subtle Energy Devices.

Dear Sir:

This is our official letter requesting a copy of the complaint and a request for a pre-administrative hearing by the Respondent in this case. The Respondent is the parties being investigated in this case by the FDA.

Besides the non-existent complaint, the Respondent did <u>not</u> receive a Pre-Administrative hearing affording him a fair and meaningful opportunity to be heard. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. <u>Davis v. Scherer</u>, 82 L. Ed. 2d 139 at 155; <u>Armstrong v. Mauzo</u>, 14 L. Ed. 2d 62; <u>Grannis v. Ordean</u> 58 L. Ed. 1363; <u>Mathews v. Eldridge</u>, 47 L. Ed. 2d 18. Fairness of procedure is "due process in the primary sense". This agency cannot disregard the deep-rooted demands of fair play enshrined in the Constitution. <u>Yamataya v. Fisher</u>, 47 L. Ed. 721 at 725 and 726.

The Respondent in any case is entitled to see an issued complaint and to have a Pre-Administrative Hearing in which the Respondent can be heard before any action and further action is taken by the agency. In fact, it is the duty of this agency to make sure that the following are adhered to.

    a.    Furnish Respondent a timely and adequate notice detailing the reasons for the investigation.

    b.    Give Respondent an opportunity to defend.

    c.    Allow Respondent the opportunity to confront and cross-examine adverse witnesses.

    d.    Provide the opportunity to Respondent to present oral argument and evidence.

e. Allow Respondent to appear personally with or without counsel before the official who finally determines the issues. Written submissions do not satisfy Due Process of Law.

f. Disclose to Respondent, before any action is taken, all evidence utilized by the agency in deciding sanctions or any other penalty.

g. Assure that the final decision-maker's conclusions rest solely on the legal rules and evidence required and adduced at the hearing.

h. Assure that the final decision-maker is impartial. (This may require someone outside the agency.)

i. Require that the decision-maker states reasons for determination including, but not limited to, what laws, regulations and rules were used in reaching any and all final decision(s).

This said Pre-Administrative Hearing and its characteristics are demanded by the U.S. Supreme Court in the cases of Goldberg v. Kelly, 25 L. Ed. 2d 287; Sniadach v. Family Finance Corp., 23 L. Ed. 2d 349 (and others). Flagrant violation of this demand voids any and all previous final determinations due to lack of proper administrative legal procedures in this case. It is clear that the attributes and aspects of a legal and proper Pre-Administrative Hearing were not fulfilled or accomplished before or during the investigation.

Sincerely,

*James R. Overman*
James R. Overman

Precision Herbs L.L.C.,
By *James R. Overman*
James R. Overman, President

3