*Rec'd about 9 Oct 09*

**James R. Overman**
**Precision Herbs L.L.C.**
**9804 TR 89**
**Killbuck, OH. 44637**
**330-276-6511**

October 5th, 2009

U. S. Food and Drug Administration
Karen Gale Sego
Compliance Officer
6751 Steger Dr.
Cincinnati, OH. 45237-3097

**CERTIFIED MAIL -**
**RETURN RECEIPT REQUESTED**

Re:  <u>Request for Copies of Oaths of Office for FDA Officers and Employees.</u>

Dear Ms. Sego:

  This letter is our official request for copies of Oaths of Office that pertains to your officers and employees in the FDA. This request includes, but is not limited to, Karen Gale Sego, Annemarie Kleiza, Steve Kilker, Benjamin J. Dastoli and any other persons connected to this investigation. The officers and employees in performance of their agency duties, by words or conduct must not manifest bias, prejudice or unfairness. It is through the individual taking and filing of an oath of office that each agency officer or employee agrees to conduct his/her office in such a manner. Thus, it is not unfair to suggest, demand and expect that officers and employees properly take and file their oaths of office. It is clearly through the taking and filing of such oaths of office that any "target" of the agency can be constitutionally guaranteed a fair hearing, etc. No person(s), i.e., agency officer or employee, can be allowed to set himself/herself above the laws of the U.S. Constitution. Simply put, either one conducts his/her office according to the law or his/her office is considered vacant and carries no weight of authority. The very fact that some agency officers did indeed file their oath of office is

1

confirmation of the fact that the filings are completely mandatory and that this must be done prior to taking office and prior to having the authority to act as an agency officer or employee.

It cannot be said too often that the U.S. Constitution, Federal Statute, the courts and the law demand that an officer or employee take an Oath of Office and file the same with the designated depository <u>before entering upon the duties of office</u> as follows:

The U.S. Constitution, Art. VI, cl. 3, states that,

> "....all executive and judicial officers both of the United States and...of the several states, shall be bound by Oath of Affirmation, to support this Constitution..."

> "Every state....executive and judicial officer is solemnly committed by oath taken pursuant to Art. VI, cl. 3 to support his Constitution." <u>Cooper v. Aaron</u>, 358 US 1. The first step in supporting the U.S. Constitution is taking the Oath of Office.

The Federal Statute or Code, Title 4 USC § 101 states that,

> "....every executive and judicial officer of the United States and the several States, shall before he (she) proceeds to execute the duties of his (her) office, take an oath in the following form, to wit:

If an agency officer or employee failed to take and file their Oath of Office, they are <u>not</u> "defacto officers". The recent U.S. Supreme Court case of <u>Nguyen v. United States</u>, 539 U.S. 69 (2003) ruled and teaches that statutory provision that embodies weighty congressional policy concerning the proper organization of a court negates the application of "defacto officer" doctrine. In the Federal Statute and the U.S. Constitution there are weighty, statutory and constitutional provisions for taking and filing of the Oath of Office.

Since the above-named agency officer or employees may have neglected and/or refused to take and file their official Oaths of Office, their respective offices and the

2

duties of their respective offices cannot be nor could have ever been considered in effect. Thumb-nosing, of the U.S. Constitution, Federal Statute and numerous Courts cannot be tolerated for the sake of fairness and the fear of anarchy.

Without the filing of their demanded Oaths the above-named, who are alleging to be agency officers or employees, are without any title to any office and without any authority to act—indeed nothing more than "individuals" without a genuine interest in administering justice, as they are not bound by any oath to support the U.S. Constitution, or Federal Statutes.

The non-filing by agency officers and employees of their respective Oath of Office has serious legal repercussions and consequences that directly affect the alleged prosecution of the Respondent in this case. These persons who are alleging to be agency officers or employees must be removed to protect the interests of people as a whole and to guard the public welfare to prevent a continuing exercise of authority unlawfully asserted and to correct what was unlawfully done.

This illegally constituted examining agency or any other illegally constituted office cannot legally perform the duties of the office. These persons alleging to be agency officers or employees are only individuals without a genuine interest in administering justice because they have not bound themselves through the filing and taking of oaths to support the U.S. Constitution and Federal Statutes. Furthermore, any agency officer or employee who did not file an Oath of Office for his/her appointment or reappointment demonstrates bad faith in their willful failure to take and file because it is a statutory and constitutional obligation to do so.

Whatever alleged interest that persons alleging to be certified officer or employee may have had is a conflict of interest concerning this respondent because without proper

3

filings, no genuine interest could have ever existed nor can it now exist. Non-filings of these persons alleging to be certified officers or employees makes "them" nothing more than individuals with no power to act. Respondent has been and continues to be severely prejudiced by not having a bona fide, proper constituted presiding FDA agent, who has the duty and responsibility to be fair, unbiased and are SWORN to administer justice according to the U.S. Constitution and Statutes. Without the filed, properly sworn oaths, the FDA agency is allowed to operate haphazardly with no fear of any repercussions from a potential, orchestrated witch hunt and with no fear of retaliation for potential untruths and the potential use of illegal means and methods in targeting innocent victims. The taking and filing of the oath of office is addressed by the U.S. Constitution, Federal Statute and many courts for an express reason. It is not up to the FDA to develop its own rules separate and apart from what is written in both Constitutions and Federal Statute. Ours is not a system of anarchy.

The FDA agency has/have created a serious dilemma for Respondent by violating Respondent's due process and equal protection under law.


Sincerely,

*James R. Overman*
James R. Overman


Precision Herbs L.L.C.,
By *James R. Overman*
James R. Overman, President

4